UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NIKOLAY NENKOV,<br><br>                Plaintiff,<br>    v.<br><br>CARL SIEGMANN,<br><br>                Defendant. | CASE NO. 3:23-CV-6010-DWC<br><br>ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTION TO EXCLUDE |

Currently before the Court is Defendant Carl Seigmann's Motion to Exclude Certain Opinions by Plaintiff's Expert Anthony Choppa. Dkt. 18.[1]

After consideration of the relevant record, the Motion to Exclude (Dkt. 18) is granted-in-part and denied-in-part as follows: Mr. Choppa is not precluded from presenting evidence showing Plaintiff will lose between $160,000 and $457,000 in future earning capacity as a result of the collision. However, Mr. Choppa is precluded from parroting opinions from other experts regarding future treatment costs. Additionally, the Court finds Plaintiff's submission of Dr.

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 7.

ORDER GRANTING-IN-PART AND DENYING-
IN-PART MOTION TO EXCLUDE - 1

1  Bruce Rolfe's declaration was an improper and untimely attempt to supplement Dr. Rolfe's

2  expert report. Therefore, the Declaration (Dkt. 21-1 at 4-6) will not be considered in ruling on

3  the Motion to Exclude and is stricken from the record.

4  **I.    Background**

5  In the Complaint, Plaintiff alleges he was traveling on Interstate 5 on January 4, 2021

6  when his vehicle was struck by Defendant's vehicle. Dkt. 1-1. As a result of the collision,

7  Plaintiff suffered significant property damage and pain and injuries. *Id*.

8  On February 7, 2025, Defendant filed the pending Motion to Exclude requesting the

9  Court exclude portions an expert witness's opinion. Dkts. 18, 19 (supporting evidence). Plaintiff

10  filed his response on February 28, 2025. Dkt. 21. Defendant filed his reply on March 7, 2025.

11  Dkt. 23. The parties did not request oral argument and the Court finds this matter can be decided

12  on the record before the Court. Therefore, the Court declines to hold oral argument.

13  **II.    Discussion**

14  Defendant seeks to exclude portions of the opinion of Nick Choppa, Plaintiff's

15  rehabilitation counselor. Dkt. 18. In response to the Motion to Exclude, Plaintiff submitted Dr.

16  Bruce Rolfe, M.D.'s Declaration ("Declaration"). Dkts. 21-1. Defendant asserts Dr. Rolfe's

17  Declaration violates Rule 26 of the Federal Rules of Civil Procedure and asks for the Declaration

18  to be excluded. Dkt. 23.

19  A.    *Rule 26(a) Disclosures*

20  The first issue before the Court is whether the Declaration should be excluded. While

21  Plaintiff has failed to provide any explanation for the Declaration (*see* Dkt. 21), the Court

22  interprets Plaintiff's submission of the Declaration as an attempt supplement to Dr. Rolfe's

23  expert report.

24

ORDER GRANTING-IN-PART AND DENYING-
IN-PART MOTION TO EXCLUDE - 2

1    Rule 26(a)(2) requires litigants to disclose all expert witnesses "at the times and in the
2    sequence that the court orders." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817,
3    827 (9th Cir. 2011). The disclosure of experts "retained or specially employed to provide expert
4    testimony in the case" must provide, among other things, a signed report with "a complete
5    statement of all opinions the witness will express and the basis and reasons for them," as well as
6    "the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B)(i), (ii).

7    Under Rule 26(e), a party has a duty to supplement an expert's report. Fed. R. Civ. P.
8    26(e)(2). "Supplementing an expert report pursuant to Rule 26(e) means 'correcting inaccuracies
9    or filling the interstices of an incomplete report based on information that was not available at
10   the time of the initial disclosure.'" *Sherwin–Williams Co. v. JB Collision Servs., Inc.*, 2015 WL
11   1119406, at *6 (S.D. Cal. Mar. 11, 2015) (quoting *Gerawan Farming, Inc. v. Rehig Pacific Co.*,
12   2013 WL 1982797, at *5 (E.D.Cal. May 13, 2013)). "[S]upplementation does not cover failures
13   of omission because the expert did an inadequate or incomplete preparation[.] To construe
14   supplementation to apply whenever a party wants to bolster or submit additional expert opinions
15   would wreak havoc in docket control and amount to unlimited expert opinion preparation." *Id*. at
16   *7 (internal citation and quotation marks omitted).

17   In his Rule 26 expert report, Dr. Rolfe stated Plaintiff has been recommended for three
18   surgeries: cervical decompression surgery, lumbar laminectomy surgery, and left shoulder
19   surgery. Dkt. 19-2. Dr. Rolfe opined that full recovery from the extensive cervical
20   decompression surgery would take six months to one year and Plaintiff would be able to return to
21   work as a building inspector three to four months after the surgery. *Id*. at 18. Dr. Rolfe also
22   opined Plaintiff would be able to return to work as a building inspector six weeks after the
23   lumbar laminectomy surgery and twelve weeks after the left shoulder surgery. *Id*. at 18-19.
24

ORDER GRANTING-IN-PART AND DENYING-
IN-PART MOTION TO EXCLUDE - 3

In response to Defendant's pending Motion to Exclude, Plaintiff submitted the Declaration, dated February 27, 2025. Dkt. 21-1, Rolfe Dec. In the Declaration, Dr. Rolfe stated that it is possible Plaintiff will undergo surgery and return to work without restrictions. *Id*. at ¶ 7. He stated that it is also possible Plaintiff may not be able to return to work at all after surgery. *Id*.

Dr. Rolfe's expert report did not include the opinion that Plaintiff may be unable to return to work following surgery. The Court finds Dr. Rolfe's opinion about Plaintiff's inability to return to work is new and substantially different from his opinion contained in the expert report. Dr. Rolfe's new opinion is not based on new information and would have been known to Dr. Rolfe at the time of the expert report. It appears, at best, the Declaration was provided to this Court to bolster Dr. Rolfe's original opinion. This is not a proper supplementation of an expert's report.

Moreover, the Declaration is untimely. The deadline to complete expert disclosures/reports was November 25, 2024, and the deadline to serve rebuttal expert disclosures was January 10, 2025. Dkts. 12, 14. The Declaration was signed February 27, 2025, and submitted to the Court on February 28, 2025. Dkt. 21-1. Therefore, the Declaration is untimely. *See* Fed. R. Civ. P. 26.

If a supplemental expert report is untimely, it must be excluded under Fed. R. Civ. P. 37(c)(1) unless the failure to timely supplement "was substantially justified or is harmless." *Silvia v. MCI Commc'n. Servs.*, 787 F. App'x 399, 400 (9th Cir. 2019) (citation omitted). The burden falls on the party facing exclusion to demonstrate that their failure to disclose was either substantially justified or harmless. *W. Towboat Co. v. Vigor Marine, LLC*, 2021 WL 2156694, at *1 (W.D. Wash. May 27, 2021) (citing *Holen v. Jozic*, 2018 WL 5761775, at *2 (W.D. Wash. Nov. 2, 2018)). "District courts are given 'particularly wide latitude' in determining whether to

1  issue sanctions, including the exclusion of evidence, under Rule 37(c)(1)." *Id.* (quoting *Bess v.*
2  *Cate*, 422 F. App'x 569, 571 (9th Cir. 2011)).

3        Plaintiff has not provided any argument for why the Court should consider the untimely
4  submission of the Declaration. *See* Dkt. 21, And, the Court finds none. As the content of the
5  Declaration is not based on new information, the Court finds there is no justification for failing
6  to include the information in the original expert report. Additionally, the untimely submission is
7  not harmless because Defendant was not on notice of the Declaration until after the discovery
8  period closed, the dispositive deadline expired, and the Motion to Exclude was filed. At this late
9  stage, Defendant cannot obtain rebuttal expert opinions or conduct additional discovery,
10 including conducting additional depositions. Therefore, the Court finds the untimely attempt to
11 supplement Dr. Rolfe's expert report requires exclusion of the Declaration under Rule 37.

12       As Plaintiff's attempt to use the Declaration to supplement Dr. Rolfe's expert report
13 under Rule 26(e) is improper and untimely, the Court finds the Declaration should be excluded.
14 Therefore, the Declaration (Dkt. 21-1 at 4-6) is stricken and will not be considered in ruling on
15 the Motion to Exclude.[2]

16     B. *Rule 702 Request to Exclude*

17       Next, Defendant moves for this Court to exclude Mr. Choppa's opinions (1) that Plaintiff
18 will incur a future loss of earning capacity as a result of the collision and (2) regarding the cost
19 of Plaintiff's future medical treatment. Dkt. 18.

20       Federal Rule of Evidence 702 ("Rule 702") governs the admissibility of an expert
21 opinion. Rule 702 states:

---

[2] The Court expects parties to comply with the Federal Rules, this Court's Local Rules, and this Court's Orders. Failure to comply may result in the exclusion of evidence when ruling on motions and at trial.

ORDER GRANTING-IN-PART AND DENYING-
IN-PART MOTION TO EXCLUDE - 5

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> > (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> >
> > (b) the testimony is based on sufficient facts or data;
> >
> > (c) the testimony is the product of reliable principles and methods; and
> >
> > (d) the expert's opinion reflects a reliable application of the principles and methods of the facts of the case.

Rule 702 (a) – (d).

The Supreme Court has held that a trial court must act as a "gatekeeper" in determining whether to admit or exclude expert evidence in accordance with Rule 702. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). To be admissible, expert testimony must be "not only relevant, but reliable." *Id*. at 589.

First, Defendant asserts Mr. Choppa's opinions that Plaintiff will lose between $160,000 and $457,000 in future earning capacity is unfounded. *See* Dkt. 18. In his expert disclosure report, Mr. Choppa stated that he followed accepted methodologies and standards of practice. Dkt. 19-3. Mr. Choppa based his opinions on the application of the RAPEL[3] methodology and his knowledge, training and experience combined with his professional and clinical judgments. *Id*. at 2. Mr. Choppa indicates he reviewed medical records and interviewed Plaintiff. At the conclusion of his report, Mr. Choppa provided his opinion on Plaintiff's post-injury earning capacity under three different scenarios. *Id*. at 11-13.

---

[3] RAPEL stands for "Rehabilitation Plan, Access to Labor Market, Placability, Earning Capacity, Labor Force Participation" and has been used by vocational experts in courts to assess earning capacity in vocational rehabilitation. *Petersen v. United States*, 2024 WL 1116161, at *1 (D. Idaho Mar. 14, 2024).

ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTION TO EXCLUDE - 6

1  Relevant to the Motion to Exclude, Mr. Choppa opined Plaintiff could potentially face a loss of future earning capacity between $160,000 and $457,000 if he is unable to return to his work as a building inspector. Dkt. 19-3 at 12-13. Defendant contends these opinions are unfounded because there is no evidence from an identified medical expert indicating Plaintiff will be unable to return to his job as a building inspector after he completes the three recommended surgeries. *See* Dkt. 18; *see also* Dkt. 19-2 (Dr. Rolfe indicated Plaintiff could return to work as a building inspector after each surgery); Dkt. 19-3 at 4-5 (Plaintiff's treating medical providers released him to work without limitations in November of 2023). Defendant does not challenge Mr. Choppa's methodologies. Dkt. 18. Rather, Defendant argues Mr. Choppa lacks foundation for his opinions related to Plaintiff's potential inability to work following the three recommended surgeries. Essentially, Defendant is challenging the sufficiency of the facts and data on which Mr. Choppa bases his assumptions about Plaintiff's ability to work after the three surgeries.

An expert may rely on assumptions when formulating opinions. Fed. R. Evid. 702, advisory committee notes to 2000 amendments ("The language 'facts or data' is broad enough to allow an expert to rely on hypothetical facts that are supported by the evidence."); *see also Unknown Party v. Arizona Bd. of Regents*, 641 F. Supp. 3d 702, 727 (D. Ariz. 2022). "Generally, a disagreement with an expert's assumptions does not provide a basis for excluding his testimony." *Petersen v. United States*, 2024 WL 1116161, at *3 (D. Idaho Mar. 14, 2024). Rather, "Rule 702's 'sufficient facts or data' element requires foundation, not corroboration." *Elosu v. Middlefork Ranch Incorporated*, 26 F.4th 1017, 1025 (9th Cir. 2022). Rule 702 instructs a district court to determine whether an expert had sufficient factual grounds on which to draw his conclusions. *Id*. at 1025-26. The Court cannot "determine the veracity of the expert's

ORDER GRANTING-IN-PART AND DENYING-
IN-PART MOTION TO EXCLUDE - 7

conclusions as the admissibility stage." *Id*. at 1026. "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010), *as amended* (Apr. 27, 2010).

Here, medical providers recommended Plaintiff undergo three surgeries. *See* Dkts. 19-2, 19-3. While Plaintiff was released to his job without restrictions in November of 2023, the medical records include sedentary to light limitations after the accident and indicate two doctors gave Plaintiff a disability rating. *See* Dkt. 19-3 at 4-5, 12. Further, Plaintiff reported to Mr. Choppa that he experiences ongoing and daily elevated pain, his symptoms are aggravated with standing, walking, and prolonged sitting and lying down, he is unstable, he uses a cane at times, and he has pain and limitations with bending and twisting. *Id*. at 6-7.

Mr. Choppa's opinion regarding Plaintiff's economic losses are hypothetical assumptions based on the medical records, Plaintiff's self-reports, and Plaintiff's education and work experience. *See id*. at 11-13. The entirety of Mr. Choppa's opinions may not be supported by the record; however, his conclusions were drawn from a reliable application of a peer-reviewed methodology and have a basis in evidence. "[W]hether those conclusions are accurate based on the evidence on the record is a question for the jury, not an assessment this Court can make at the admissibility stage." *Hobus v. Howmedica Osteonics Corp.*, 699 F. Supp. 3d 1122, 1146 (D. Or. 2023), *aff'd*, 2025 WL 25694 (9th Cir. Jan. 3, 2025). Defendant's argument is, therefore, better served by impeachment, not exclusion. *See id*. (denying a motion to exclude when the vocational expert's opinions were drawn from a reliable application of the peer-reviewed methodology and leaving the question of accuracy to the jury); *Petersen*, 2024 WL 1116161 at *4 (declining to exclude vocational expert's testimony at the admissibility stage when the opinions were founded on sufficient facts and data as articulated in the report even if the assumptions were based on the

plaintiff's exaggerations). Accordingly, at this stage, the Court declines to exclude Mr. Choppa's opinions that Plaintiff could lose between $160,000 and $457,000 in future earning capacity as a result of the collision.

Second, Defendant asserts Mr. Choppa's opinions regarding the cost of Plaintiff's future treatment are unfounded. Dkt. 18. Mr. Choppa opined as to the cost of future medical treatments based on the medical recommendations of Drs. Seltzer and McLaughlin. Dkt. 19-3 at 13-14. Defendant asserts there is no foundation for this portion of Mr. Choppa's opinion because the opinion is based on the recommendation of Dr. Seltzer and Dr. Seltzer has not been identified as an expert witness. Dkt. 18 at 6.[4]

"Rule 703 generally allows experts to rely on otherwise inadmissible evidence in formulating their opinions '[i]f experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject.'" *Jensen v. EXC, Inc.*, 82 F.4th 835, 847 (9th Cir. 2023) (quoting Fed. R. Evid. 703). "[I]it is well-accepted that vocational experts frequently rely upon the opinions of treating doctors, physical therapists and rehabilitation professionals." *Alaman v. Life Ins. Co. of N. Am.*, 2011 WL 2160242, at *2 (D. Mont. June 1, 2011). Thus, the Court is not persuaded by Defendant's conclusory argument that Mr. Choppa cannot base his opinion on Dr. Seltzer's recommendation merely because Dr. Seltzer has not been identified as an expert witness. *See Columbia Grain, Inc. v. Hinrichs Trading, LLC*, 2015 WL 6675538, at *4 (D. Idaho Oct. 30, 2015) ("A testifying expert may rely on the opinions of

---

[4] There is no dispute that Dr. Daniel Seltzer has not been identified as an expert witness. Plaintiff has not attempted to amend his expert disclosures to add Dr. Seltzer; however, Plaintiff states that, if he were to add Dr. Seltzer as an expert witness, Defendant would not be prejudiced. The time to disclose expert witnesses expired in November of 2024. Dkt. 12. Any rebuttal expert disclosure was due by January 10, 2025. Dkt. 14. The discovery period has closed and the dispositive deadline has passed. *See id*. Any attempt to identify an expert witness at this late stage will not be permitted by this Court absent some extraordinary circumstance.

ORDER GRANTING-IN-PART AND DENYING-
IN-PART MOTION TO EXCLUDE - 9

non-testifying experts as a foundation for the opinions within the testifying expert's field of expertise.").

However, Rule 703 is not a license for an expert witness to simply parrot the opinions of non-testifying experts. *Villagomes v. Lab. Corp. of Am.*, 2010 WL 4628085, at *4 (D.Nev. Nov.8, 2010). There is no evidence Mr. Choppa has the knowledge, skill, and experience to identify the cost of future medical treatment. In fact, Mr. Choppa does not explain the basis of his calculations other than to state Drs. Seltzer and McLaughlin recommend the medical treatment. *See* Dkt. 19-3 at 13-14. At best, it appears Mr. Choppa is parroting the opinion of a non-testifying expert. Therefore, Plaintiff cannot present evidence from Mr. Choppa that parrots Dr. Seltzer's opinion regarding cost of future medical care.

The Court notes that Mr. Choppa based his opinion on the cost of future medical treatment on recommendations from both Drs. Seltzer and McLaughlin. Dkt. 19-3 at 13-14. Defendant does not challenge Mr. Choppa's reliance on Dr. McLaughlin's recommendation. *See* Dkt. 18. However, as the Court noted, Mr. Choppa has not explained the basis for his opinion as to the cost of treatment. Therefore, at this time, Mr. Choppa is also precluded from providing his opinion regarding future medical treatment costs if that opinion merely parrots Dr. McLaughlin's recommendation.

### III.   Conclusion

For the above stated reasons, Dr. Rolfe's Declaration (Dkt. 21-1 at 4-6) will not be considered in ruling on the Motion to Exclude and is stricken from the record. The Motion to Exclude (Dkt. 18) is granted-in-part and denied-in-part. Mr. Choppa is not precluded from presenting evidence showing Plaintiff will lose between $160,000 and $457,000 in future earning

1  capacity related to the collision. However, Mr. Choppa is precluded from parroting opinions
2  related to the cost of Plaintiff's future treatment.
3         Dated this 18th day of March, 2025.

*/s/ David W. Christel*
David W. Christel
United States Magistrate Judge