UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NIKOLAY NENKOV,

              Plaintiff,

     v.

CARL SIEGMANN,

              Defendant.

CASE NO. 3:23-CV-6010-DWC

ORDER ON MOTIONS IN LIMINE

The Court rules on Plaintiff's Motions in Limine as follows:

1. The motion to excluded Defendant's health, infirmities, martial issues, or family matters of any kind is GRANTED.

2. The motion to prohibit defense terms or phrases such as "winning the lottery," "getting rich," or "hitting the jackpot," as pertaining to this case is GRANTED.

3. The motion to exclude any references to prior injuries, unrelated medical conditions, and prior neck injuries is DENIED. Evidence of Plaintiff's prior accident, cervical symptoms, cervical imaging, and treatment for his cervical condition may be used after proper foundation has been laid and deemed admissible by the Court.

4. The motion to exclude evidence of collateral sources of any kind is GRANTED.

ORDER ON MOTIONS IN LIMINE - 1

5. The motion to exclude the curricula vitae and reports of the forensic experts is GRANTED.

6. The motion to exclude Plaintiff's medical records is DENIED. The parties may raise specific objections to specific medical records at trial. Medical records or portions thereof may be used after proper foundation has been laid and deemed admissible by the Court.

7. The motion to prohibit defense counsel from using medical records in cross-examination of Plaintiff in an improper manner is DENIED. The parties may raise specific objections at trial.

8. The motion to instruct defense counsel and witnesses to refrain from making any reference to what use to which the plaintiff put the proceeds from this case is DENIED. The parties may raise specific objections at trial.

9. The motion to not reduce noneconomic damages to present cash value is GRANTED.

10. The motion requesting illustrative exhibits be permitted during opening and closing arguments and during expert testimony is GRANTED-IN -PART. Illustrative exhibits may be used and shown to the jury after proper foundation has been laid and accepted by the Court.

11. The motion to prohibit the defense from speculating as to the cause of the subject collision and Plaintiff's actions preceding the collision is DENIED. Parties may raise objections at trial to evidence that a party attempts to improperly present to the jury.

The Court rules on Defendant's Motions in Limine as follows:

1. The motion to exclude evidence of traffic citations for Defendant Siegmann is GRANTED.

ORDER ON MOTIONS IN LIMINE - 2

2. The motion to exclude evidence of the police report and its substance is GRANTED.

3. The motion to exclude evidence of the police investigation and officers' opinions is GRANTED.

4. The motion to exclude past settlement offers and exchanges is GRANTED.

5. The motion to exclude evidence or argument about the parties' respective wealth, size, or poverty is GRANTED.

6. The motion to exclude evidence or argument about the jury sending a message with the verdict is GRANTED.

7. The motion to exclude any "golden rule" arguments is GRANTED.

8. The motion to exclude non-party witnesses from the courtroom until after their testimony is GRANTED.

9. The motion to require parties to provide advance notice of next days' witnesses is GRANTED as follows: parties must disclose at the end of the prior trial day session.

10. The motion to exclude evidence or argument about having to file this lawsuit or having to go to trial is GRANTED.

11. The motion to exclude evidence of Defendant's insurance is GRANTED.

12. The motion to exclude evidence and testimony regarding Plaintiff's economic damages unless and until a qualified expert witness lays foundation for said damages is GRANTED.

Dated this 4th day of February, 2026.

David W. Christel
United States Magistrate Judge

ORDER ON MOTIONS IN LIMINE - 3